UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.W., a minor, by and through his mother, Ruth Aguirre,<br><br>Plaintiff,<br><br>v.<br><br>CLOVIS UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. 1:24-cv-01074-JLT-BAM<br><br>**ORDER GRANTING PETITION FOR APPOINTMENT OF RUTH AGUIRRE AS GUARDIAN AD LITEM**<br><br>(Doc. 2) |

Plaintiff I.W., proceeding with counsel, initiated this action on September 11, 2024, against Defendant Clovis Unified School District. (Doc. 1.) Currently before the Court is the petition for appointment of Ruth Aguirre, Plaintiff's mother, as guardian ad litem for Plaintiff I.W., a minor. (Doc. 2.)

Federal Rule of Civil Procedure 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). This requires a district court to take whatever measures it deems proper to protect the individual during litigation. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986). In pertinent part, Local Rule 202(a) of this Court further states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of

1

a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

*See* L.R. 202(a). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres*, 795 F.2d at 804.

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *H.D.A. v. County of Stanislaus*, No. 1:22-cv-00384-DAD-SAB, 2022 WL 992990, at *1 (E.D. Cal. Apr. 1, 2022) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000)). "While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict." *Id.* (citing *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007)). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. *Id.*

The Court has considered the petition and finds no apparent conflict that would preclude Plaintiff's mother from serving as guardian ad litem. The supporting declaration from Ruth Aguirre indicates the following: (1) she is the mother of Plaintiff I.W., a minor; (2) she is fully competent and responsible to prosecute the action for Plaintiff; (3) she consents to the appointment as guardian ad litem; and (4) she has no interest adverse to the rights of Plaintiff. (Doc. 2, Declaration of Ruth Aguirre at ¶¶ 1, 6-7.)

Accordingly, IT IS HEREBY ORDERED that Ruth Aguirre is appointed in this action as guardian ad litem for Plaintiff I.W.

IT IS SO ORDERED.

Dated: **September 17, 2024**            /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE